

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# Buchanan v. Yost

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4973

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Buchanan v. Yost" (2007). *2007 Decisions*. Paper 996.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/996

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-236                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4973
_____

ISAT BUCHANAN,

Appellant

v.

JOHN YOST, Warden

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-CV-00302)
District Judge: Honorable Kim R. Gibson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible  Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 17, 2007

BEFORE: BARRY, AMBRO and FISHER, <u>Circuit Judges</u>

(Filed: June 6, 2007)

_____

OPINION
_____

PER CURIAM

   Isat Buchanan appeals from an order of the United States District Court for the

Western District of Pennsylvania, dismissing his petition as a successive § 2255 motion

for which he had not demonstrated the necessary certification pursuant to 28 U.S.C. § 2255 and § 2244. For the reasons that follow, we will affirm the District Court's judgment.

The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision. Buchanan was convicted in the United States District Court for the Southern District of Florida of conspiracy to import cocaine in violation of 21 U.S.C. § 963; importation of cocaine in violation of 21 U.S.C. § 952(a); and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Buchanan's sentence was enhanced pursuant to 21 U.S.C. § 841(b)(1)(B), which provides in part, "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ."

Following an unsuccessful appeal, Buchanan filed an unsuccessful § 2255 motion in 2002, and then in 2005 filed an application to file a second or successive § 2255 motion with the United States Court of Appeals for the Eleventh Circuit. In that application, Buchanan attempted to raise claims based on Small v. United States, 544 U.S. 385 (2005) and Blakely v. Washington, 542 U.S. 296 (2004). The Eleventh Circuit denied the application, holding that neither case set forth a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

2

previously unavailable."

Buchanan then filed a § 2241 petition in the District Court,[1] again challenging his sentence pursuant to Small and Apprendi v. New Jersey, 530 U.S. 466 (2000).[2] In Small, the Court held that the element of the felon-in-possession-of-firearm statute, 18 U.S.C. § 922(g)(1), which requires a finding that the defendant "has been convicted in any court of a crime . . ." does not include convictions entered in foreign courts. Small, 544 U.S. at 391-92. In so holding, the Court applied an assumption that Congress intends a statute to apply domestically.

Buchanan argues that under Small, his sentence, which was enhanced due to a foreign conviction, was illegal. He also argues that § 2255 is inadequate and ineffective for bringing his claim, and that he therefore should be allowed to bring a claim via § 2241. See e.g., In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (petitioner could challenge conviction via § 2241 where he has been punished for an act that intervening change in law has rendered non-criminal).

However, in Small, the Court held that its assumption that Congress intends a statute to apply domestically is subject to revision, "should statutory language, context, history, or purpose show the contrary." Small, 544 U.S. at 391. Such is the case here. As

---

[1] Buchanan apparently was imprisoned within the Western District of Pennsylvania at the time he filed his petition.

[2] Buchanan is not pursuing his Apprendi/Blakely claim on appeal. We have previously held that § 2241 is not an appropriate vehicle for an Apprendi claim. Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002).

the District Court here noted, unlike the statute in <u>Small</u>, which was silent as to whether it included foreign convictions, the statute under which Buchanan was convicted includes a statutory definition of "felony drug offense" that explicitly includes foreign convictions.[3] Thus, the assumption in <u>Small</u> is inapplicable.[4] The District Court properly found that the <u>Dorsainvil</u> exception did not apply, and that as a successive § 2255 motion, the Court lacked jurisdiction.

For the foregoing reasons, we will affirm the District Court's judgment.

_____

[3] "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State **or foreign country** . . . ." 21 U.S.C.A. § 802(44) (emphasis added).

[4] Buchanan's invocation of the "ripeness doctrine" does not allow him to bypass the procedural requirements of sections 2244 and 2255. His motion for a "ruling pursuant to the ripeness doctrine" is denied to the extent that he requests that we reverse the District Court's judgment.